11-2164

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>April Cole | **DEFENDANTS** National Collegiate Trust- American Educational Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Irene Serlis, Esq. - 770-888-4509<br>137 Prominence Court, Ste. 130<br>Dawsonville, GA 30534 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Request that Student loan be declared dischargeable in bankruptcy because of "undue hardship".

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>April Cole | | BANKRUPTCY CASE NO.<br>11-22621 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | | DIVISION OFFICE<br>Gainesville | NAME OF JUDGE<br>Robert E. Brizendine |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature: Irene Serlis]*

DATE: Sept. 22, 2011

PRINT NAME OF ATTORNEY (OR PLAINTIFF): Irene Serlis #133058

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED
H. REGINA THOMAS,
CLERK

BY: _____
   DEPUTY CLERK

| | |
|---|---|
| APRIL COLE, | ) |
| Plaintiff, | ) |
| vs. | ) CHAPTER 7 BANKRUPTCY CASE |
| | ) No. 11-22621 |
| NATIONAL COLLEGIATE TRUST –AMERICAN EDUCATIONAL SERVICES | ) |
| Defendant. | ) |

11-2164

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(8)

**APRIL COLE**, Debtor and Plaintiff in the above captioned adversary proceeding, by Irene Serlis, Esq., her undersigned counsel, for her complaint against the Defendant, alleges as follows:

1. Jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. §1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S. C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). This adversary complaint is brought pursuant to U.S.C. §523(a)(8).

2. Plaintiff is the debtor in this chapter 7 bankruptcy case. Defendant is National Collegiate Trust – American Education Services, a private lender.

3. This is an adversary proceeding to determine the dischargeability of an educational loan and to enjoin enforcement of this dischargeable educational loan as enforcement presents an undue hardship to Plaintiff.

4. The loan to Defendant is one of the unsecured debts owing by the Debtor and listed on Schedule F – Creditors Holding Unsecured Nonpriority Claims.

5. This loan was incurred to pay expenses at the following colleges and universities where Plaintiff obtained degrees: Concordia College Bronxville NY (B.A. Biology and Behavioral Science with a Minor in Chemistry) 1998-2002, University of St. Eustatius (transferred) 2002-2003 and Medical University of the Americas- Belize - MD obtained 2003-2007. April Cole incurred several loans on her way to fulfill her childhood dream of being a physician. After she completed her studies she prepared for her medical licensing exams. In the fall of 2007, while studying, she suddenly experienced medical problems associated with sudden vision changes. Her medical condition has deteriorated since that time and she is unable to take her medical license exam nor continue working for much longer. Without a significant income, she cannot repay any of her student loans.

6. <u>Forcing Plaintiff to make her loan repayment will prevent her from maintaining a minimal living standard.</u> As a result of her medical limitations and limited career options, Plaintiff started struggling financially. Plaintiff continued to work as a waitress at Sonny's BBQ while she went for MRIs, gait therapy, ophthalmologists, optometrists, neurologists, neuro-ophthalmologist. She continued to work despite her vision loss and unsteady gait. She would often have other employees help her run food and place orders if necessary. She learned to count tables and serve the guests through despite her limitations of complete vision loss or black outs (possible optic neuritis). Later April took a promotion to manager at Sonny's BBQ for stability, medical insurance, and an increase in pay. Unfortunately, all of her income goes to student loans, medical bills and daily living expenses. April takes home $1010.87 every two weeks and her outgoing expenses minus her student loans is 2,490.05. Her outgoing expenses just for student loans each month amounts to $1062.36. This total is accomplished with three payments - $149.64, $368.80,

and $543.92. She recently went to the doctor for diagnostic tests and despite the fact she has medical insurance, she received bills for $1689.64 ($1322.60, $255.00, $87.04, $25.00) but is still expecting more. As a result she had to postpone her follow up visits to discuss possible findings. Plaintiff lives below poverty level and struggles to make payments. Her medical and financial situation will not improve, they will only worsen.

7. <u>There is no hope that Plaintiff's financial situation will improve.</u> All indications are that Plaintiff's medical condition and her financial situation will worsen. After numerous doctor appointments and many tests she still has no diagnosis for her condition. Doctors are investigating possible recent seizure activity, and protein in urine. She has undergone gait therapy to help maintain balance. She now takes multiple medications for her conditions some of which are three times a day. Her medical symptoms include spastic paralysis, vision changes, headaches with and without aura, and abnormal gait. April recently had been informed from Center for Visually Impaired that she was on the "cusp" of losing her license. According to her most recent exam, "Any further reduction in vision loss or downward fluctuation in vision would put the visual acuity below the legal criteria"; "She was advised not to drive after dark". Upon removal of her license she will be even more limited in her abilities and not able to maintain her current employment. Disability income will barely allow her to sustain a minimal standard of living and will definitely not be sufficient to repay any student loans.

8. <u>Plaintiff made good faith efforts to repay this debt.</u> Despite April's limitations she has tried to make loan payments every month on time since they first started in repayment. She has called numerous times and spoken to various representatives about deferment options; she regrets she was never really given any. One representative had proposed that she file for economic hardship forbearance, this however would only serve as a temporary solution for 6 months and she

was still required to pay taxes acquired during this time (making her further behind). She asked for lower payments or a reduction in some way but it was always refused. One time April had been told to get a letter from her physician stating that she had a permanent condition and would not change. This letter was sent twice and no response or acknowledgement was ever made from the loan companies. She also asked if she could file any other deferment and was told that she had none since it was a private loan.

As mentioned before April makes a stable but limited income. Unfortunately, as time continues and her vision worsens she will be forced to collect disability and will not be able to maintain even her present income. This is expected because her job requires her to get to and from work and the use of her vision. Her last vision appointment she had been told that she was on the verge of losing her license. Although, April wishes that her situation was different she is slowly facing that this is her inevitable future and her hardship is undue.

April's student loan debt to this Defendant is approximately $33,479.84.00. Her total student loan debt is $227,739.09. She has been in default to this Defendant since August 2010. Prior to that she made payments every month since the loans went into repayment. Her undergraduate loan has been paid monthly since October 2003. Her medical school loan debts have been paid monthly since Jan 2004, May 2004 and October 2004. Plaintiff is currently unable to make payments on this debt as a result of her deteriorating medical condition. Her condition will not improve in the near future. April has made many sacrifices to pay her student loans despite her financial situation. She wrote checks from her credit cards to make monthly payments at times. At the expense of finding a solution to her medical condition she became afraid to seek medical treatment because she couldn't afford the medical bills and her loans. Despite the fact that she has no family or true support system in GA, she continues to stay in GA because she was able

to make payments on her loans longer. This choice is made because of lower cost of living. She is currently scheduled 10-12 hours a day but often works greater than that. Her abilities to perform a job are limited because she cannot read for extended time (10-26 seconds), struggles on computers, cuts herself when using a knife, often burns herself and is unsteady and frequently falls over. Due to her limitations she will not be able to take her medical licensing exam, one is 8 hours and the other is 9 hours. Thus, she will not be able to practice as a physician or find a better job. Her medical condition is permanent and not reversible.

April is registered with the Georgia Department of Labor to help her find solutions for the significant visual impairment. She had tried to seek their assistance years ago but had been denied because her visual limitations were not within their specific parameters. They approved her for visual need and assistance approximately a year ago. She does however, work despite her limitations. She had called many visual impairment groups and disability corporations and asked for their aid and assistance in her student loans, or advice. She was given three choices: go back to school (loans go into deferment), become unemployed, or default.

9. <u>Repayment of this debt would cause undue hardship to the Plaintiff</u> as her impaired medical condition prevents other employment and she cannot continue to support herself on her limited income and cannot afford needed medical services even without consideration of her student loans.

Based upon Plaintiff's current income and expenses, Plaintiff cannot maintain a minimum standard of living if forced to repay the loan. This economic state of affairs will persist for all of the repayment period. Finally, she has made good faith efforts to repay the loans.

**WHEREFORE**, Plaintiff prays that the court enter a declaratory judgment that the debt of to Defendant is dischargeable under 11 U.S.C. section 523(a)(8); that the court enter judgment

enjoining Defendant from taking any action against Plaintiff to enforce the debt and that the Plaintiff have such other and further relief as is just. .

Dated: September 7, 2011.

_____
APRIL COLE, Plaintiff

Prepared by:

Irene Serlis, Attorney for April Cole
GA Bar No. 133058
137 Prominence Court, Ste. 130
Dawsonville, GA 30534
770-888-4509/*fax:* 706-265-2034
irene.serlis@gmail.com